May it please the court, James Fife of Federal Defenders on behalf of Mr. Alvarez. I'd like to reserve two minutes for rebuttal. This case is on all fours with Castro, which held that the precise statute is categorically overbroad. Here, as in Castro, under the definition of generic sexual abuse of a minor in Estrada-Espinosa, 288C is... Let's assume you're right about the categorical. What about the modified categorical? Doesn't your client have a problem under the modified categorical? Not at all, Your Honor. First of all, because under Castro, the problem with 288C is that it's missing an element under both of the definitions, both under the Estrada-Espinosa and under the Medina-Dia definition. It's a missing element case, which means it's governed by Navarro-Lopez, Estrada-Espinosa, and Rivera-Cortez. In all three of those cases, they indicated that when there's a missing element, you do not proceed to the second stage of the Taylor analysis. So, that's the end of the story. What's the missing element? The missing element in the case of the Estrada-Espinosa definition is that it doesn't involve a sexual act. Now, that's exactly what Castro found as regards to 288C. As regards to the Medina-Dia definition, what's missing is there is no abusive act, which was also the finding in Castro. But under the second generic definition, I agree with you on the first with respect to Navarro-Lopez, but with respect to the second approach under Estrada-Espinosa, when you compare that approach and the plea agreement in this case, doesn't that exactly fill in the element that you're speaking of? No, it doesn't, Your Honor. I mean, assuming that we are going to go ahead and look at the record. No, I understand. Just for discussion purposes. These are all our discussions here. No, I don't believe it does because there's another of problems. I mean, there's nothing really in the record that's been presented by the prosecution below. But the plea agreement itself, though, counsel, I willfully and unlawfully committed a lewd and lascivious act upon the body of my niece, age 15, who was 10 years younger than me and did so for the purpose and so on and so on. It's just exactly what is required in this situation. For the Estrada-Espinosa? Yes, correct. No, it's not, Your Honor, because what Estrada-Espinosa requires is that there be a sexual act. I did, in fact, touch the vagina of Jane Doe with sexual intent. What's not sexual about that? Well, it's not that it's not sexual. It doesn't meet the definition of 2246-2, which defines sexual act as being a skin-to-skin touching of the genitals. I did, in fact, touch the vagina. That does not unequivocally, as Vidal requires, indicate that this was skin-to-skin. Are you talking about Gore Vidal or something else? He touched her with a long rod? I mean, what do you think he touched it with anyway? Well, Your Honor, for instance, if the record said, I touched her buttocks, would we know whether that was skin-to-skin or through the clothing? We wouldn't know. The record simply doesn't say. And that's a requirement. I can't imagine a description that says, I did, in fact, touch the vagina if she was dressed. Your Honor, I don't know what you're saying. You can imagine it maybe, but I have trouble imagining it. Would you imagine a client standing up in court with you standing next to him and saying, I did, in fact, touch her vagina if she was wearing a pair of jeans at the time? I think so, Your Honor. If someone had put their hand in that area, in the niece's crotch area, that could be described as touching her vaginal area. And that could be all that's indicated there. Now, it's not unequivocal, as this Court said in United States v. Vidal, that it has to show unequivocally that we … What's unequivocal about that statement? You can imagine somebody, perhaps, and I can't, but you can imagine somebody saying it, but that's not very equivocal. Well, I say … We're supposed to be practical about these things, too. The Supreme Court made a point of saying you don't imagine a wild hypothetical. You've got to ask what's real. Can you show me any court description that uses the phrase, touch the vagina, did, in fact, touch the vagina with sexual intent when the victim was wearing a pair of jeans? Your Honor, I'd simply say, as a practical, as Your Honor points out, let's say this practically, in common sense terms. If what the plea statement said was I grabbed her by the arm or I touched her breast, does that necessarily mean that it was skin-to-skin touching? But people wouldn't … Even if I give you that, and I'm not sure that I would, even if I give you that, I don't think you'd ever use that in the context of the vagina. You don't talk about touching that part of the body if, in fact, it's all covered with a pair of pants. Well, Your Honor, I would disagree. I'd say, like, that's simply, I mean, you can see, if you look at the, if you actually look at the plea agreement on page 31, the only relevant paragraph that is in the record relating to this, this is a handwritten statement. Part of it's in very technical language, which I think is just duplicating the statute and what was said to him, perhaps, by the prosecution. But otherwise, it's not very precise or scientifically written. I mean, it's written in general terms. So I think that there's nothing unusual or strange that somebody could talk about touching a sexual organ through the clothes and describing it as touching a sexual organ, even though there wasn't any skin-to-skin touching. Like touching her breast. That could be through the clothing, and it wouldn't … The record simply, the government's burden is to show unequivocally that this met all the requirements of the generic offense, which under 2246-2 requires skin-to-skin touching. And we know that this doesn't necessarily prove that because … Well, what about 2243, which is the second generic definition, and the one to which I made reference? The … 2243, as opposed to 2242. That's my point, is that under 2243 and the Strada Espinosa … Yes. When you look at that and you look at the record before us, including the plea agreement, and I cited part of it, Judge Clifton cited part of it, why isn't the modified categorical analysis completed there? Because it requires, under the 2243, it requires a sexual act, which is defined as skin-to-skin touching. But again, you know, I think Judge Clifton really hit it right on the head. The Supreme Court says that whatever they've created with the Taylor analysis, and I think most of us would agree it has created a monster, they've made it very clear that this doesn't have to be a wild hypothetical. Under any common-sense definition, 2243 and what is described in the plea agreement, which was agreed to by your client, how can that not have satisfied the elements of the crime there? Because there is a difference. Under California law, specifically, as I noted in my briefs, skin-to-skin touching is not required. That's actually stated in the standard criminal instructions. As opposed to the federal statute, which specifically expressly requires skin-to-skin touching. Now, there's a difference there. You can't ignore that. The federal generic definition requires skin-to-skin touching. California law expressly does not require it. And so there's no reason to believe that. So you're saying that in the plea agreement, in order to satisfy your definition, Mr. Alvarez-Cordova would have had to say that he did forcefully try to and did in fact touch the vagina skin-to-skin of Jane Doe. Is that right? That is correct, Your Honor, because that's the very essence of the missing element rationale, is that a missing element, you don't go to stage two because under the overbroad, the missing element, no one in the state court would ever have had to admit the necessary element. They just never would have had to admit that. And there's nothing here, of course. There was no reason for the state judge to require Mr. Alvarez to admit skin-to-skin touching. You know what I thought about Navarro-Lopez. Yes, Your Honor. I wrote a dissent in it. But nonetheless, I'm having real trouble with your analysis here on that. To me, it takes flights of fancy that directly fly in the face of what the Supreme Court said on this. Your Honor, I'm just saying, compare the federal statute to what's required under California law. California law does not require an admission or a jury ever to find skin-to-skin touching. The federal definition under Estrada-Espinosa specifically says, right there in the statute, skin-to-skin. There's no getting around the fact that unless the record unequivocally shows that it meets the generic definition, it simply doesn't qualify. And I would add one other technical. For categorical analysis. For categorical analysis. Well, we're talking about modified categorical analysis. But for that as well. I mean, because there's no, I don't believe this shows that that was skin-to-skin. It doesn't say that. It doesn't show that it brings it within the facts that would make it a generic offense. And I would add one other just technical element here that I discovered last night while I was looking at this, is that if you look at the abstract of judgment for conviction. But he said, he said he touched her vagina. That's correct, Your Honor. But that, I take that that's equivocal. That doesn't indicate whether it was through the clothing that he touched her vaginal area. After all, the vagina is an internal organ. Now, does that necessarily mean that he probed inside her body? I mean, the vagina is not an external organ. And so, technically, you could say that this admission means that there was a penetration. But I don't think that you could stretch it that far. Well, I think, you know, I don't think he was using medical terms. I don't think so either, Your Honor. And I would point out what I... These sorts of things rarely call for medical terms. That's correct. And you can see that this was written by Mr. Alvarez, you know, at the direction of the people having him sign the plea. But I would point out one other thing, is that this admission, that specific admission about talking about the forceful touching of the vaginal area, that that's related to the probation disentitlement allegation that was made originally in the complaint. But I would want to point out that I noticed last night that looking at the abstracted judgment on pages 138 and 139 of the record, there's no reflection in the abstracted judgment that the Superior Court judge made a true finding on that allegation. So the record of conviction, even though that it's in the plea bargain, that doesn't necessarily mean that the judge made a true finding on that allegation. It's nowhere reflected in the abstracted judgment. Well, who prepares the abstracted judgment? It's prepared by the clerk of the court. The clerk, yeah. Correct. And it reflects the convictions for the substance offenses. There are two boxes, one for enhancements based on prior convictions and another box for all enhancements of other types. Those are empty. There's nothing. There's no reference to 1203.066 anywhere on the abstracted judgment. There's no indication that the Superior Court judge made a true finding on that particular allegation. Well, he accepted the plea. He accepted the plea to the substantive offense, which does not require any kind of force, only requires the lewd touching the overbroad categorical offense. So to the extent that those admissions relate to anything, there's no evidence that there was a true finding on that as reflected in the one conviction document in the record. I think we have your point. Okay. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. My name is Helen Hong, and I'm here on behalf of the United States. Initially, out of candor, I should note that the United States, in its briefing, suggested that it had not satisfied the modified categorical test under the Estrada-Espinosa definition, and it had to do with what Appellant's Counsel here today suggested, which is that the record is not entirely clear as to whether the appellant touched the vagina of his 15-year-old niece through clothing or not through clothing. I just wanted to make clear that that's what the United States raised in a footnote. But having read the plea agreement, it does seem to suggest that if you touch the vagina, it may not be through clothing, which would be sufficient to satisfy the Sexual Act requirement under 22. So let me be sure I understand the government's position. I gather that in light of Castro, you agree that the categorical analysis doesn't work here. That's correct, Your Honor. Okay. So we're really talking about one of two generic definitions to handle this here. And in the one case, under Navarro-Lopez, you have a bit of a problem. Under the second generic definition, it really gets down to this last point, does it not? Well, I guess I would disagree with the first point, Your Honor, and I don't think that there is a problem here under the Medina-Villa definition. And here's why. What has happened is that Appellant's Counsel and others have seized language from Pelayo-Garcia, where the court suggested that there must be an express inclusion of physical or psychological abuse in a statute in order to qualify under the modified categorical approach. But no court prior to Pelayo-Garcia required an express inclusion of a jury finding that there was physical harm or psychological harm that befell the victim. But don't you run into Navarro-Lopez on that one, though? Because there is a missing element, is there not? No, Your Honor, I would disagree. And that's because we define the element of abuse differently than Appellant's Counsel and what the language of Pelayo-Garcia would suggest. For decades since Barron-Medina, the Ninth Circuit has held that abuse means either physical misuse or maltreatment or conduct that leads to physical or psychological harm. It has not required the express inclusion of physical or psychological abuse. So if you define abuse and the element of abuse as physical misuse or maltreatment or some conduct that leads to physical or psychological harm, we don't run into a problem under Navarro-Lopez. Indeed, that's what courts in this circuit have found since Navarro-Lopez has been decided. So, for example, in the United States v. Smith, as an unpublished decision from June of 2009, it's available at 2009 Westlaw 1515706. We don't really place any store on those. You know that. I think the court's analysis, though, suggests that Navarro-Lopez does not foreclose a modified categorical analysis of sexual abuse statutes. Right. So there, the Florida statute was lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age. Well, we actually have a Melton of 2003 case that says the same thing, basically. A published case. That says that... It says that when you have a young victim, that by definition, there is risk of harm and abuse. Well, that was in the context of a crime of violence and whether there was a 16-B crime of violence in the United States v. Melton. But United States v. Smith, United States v. Yaste, it's a February 23, 2010 case. It's consistent with what the Ninth Circuit has previously done under the modified categorical approach. Well, let's, just for purposes of our discussion, let's assume that Navarro-Lopez forecloses the first generic definition. And we're stuck with the 2243 issue that I discussed with the counsel for the appellant here. Do I understand the government's position is that you agree with the defense? On the skin-to-skin issue? I agree with the appellant that there's a requirement under the definition of sexual act that there be some touching not through the clothing of the genitalia of the minor under the age of 16. Must it be described in that fashion? Or can we use a common-sense analysis, as Judge Clifton has suggested and the Supreme Court has told us we need to do? I think under Shepard and Taylor in the Supreme Court's analysis, the common-sense approach works. And if you do that, doesn't the plea agreement satisfy that? And I just wanted to note out of candor that in the United States brief, we did indicate that there could have been a problem. But if the court finds that the plea agreement and the language of the plea agreement is sufficient to show that the defendant touched the vagina of his 15-year-old niece not through clothing, then the modified categorical approach is satisfied under the Estrada-Espinosa definition. I do want to go back to the Navarro-Lopez problem that the court identified with the Medina-Villa definition. And I don't think it's a problem. If you look at two of the three panel members who decided Pelayo-Garcia, that was Judges Kleinfeld and Judge Acuda, they joined an opinion in United States v. Hendricks. And that was issued this year. And in United States v. Hendricks, the court looked at an Idaho state statute which prescribed sexual conduct with minors under the age of 16. And there, Judges Kleinfeld and Acuda held that the statute was not missing an element of abuse, even though it didn't include the express requirement that the statute required physical or psychological harm to the victim. Do you feel that is violative of what Castro said? I don't think it's violative of what Castro said, because the Castro opinion didn't express, didn't undercut the Ninth Circuit jurisprudence of what Medina-Villa, Barron-Medina, and all of the other cases held, which is simply that the statute must punish abuse, or that the conduct prescribed must constitute abuse. And in this instance, the documents do show that there was abuse. We know that because Congress has defined sexual contact with a minor as abusive under 2240. Let me ask you this. We require defense counsel in state court or in our court to bring out the immigration consequences of an appeal, right? Yes, Your Honor. So how are we going to get them to figure all this out? How are we going to get most of the stuff comes up from the state court? I mean, what are you doing, holding seminars on making everybody's eyes roll when you go into what Kleinfeld said, Acuda said? Even we do that. Yeah, you know. So how are we giving people fair notice? You know, of the immigration consequences of their pleas. And we're supposed to do that, right? That's correct, Your Honor. So how do we do that? I think you go back to what the Ninth Circuit has held since 1999, and that's looking at the common, contemporary, and ordinary meaning of the term sexual abuse of a minor. Does an uncle who touches his 15-year-old niece's vagina in a forcible way over the course of six months sexually abuse a minor? Of course he does. And if that's the case, then the defendant in appellant is guilty of an aggravated felony of sexual abuse of a minor. The notice was there because the conduct is so clearly abused. But you don't seem to like that approach. I... Can you say that you have to show that the touching was skin to skin? Under the Estrada Espinosa definition and the four-factor test identified in Estrada Espinosa, the requirement would be that the United States would have to show under the modified categorical approach that the defendant had committed the sexual act. See, that's the problem with all this. We have factor approaches. One factor, two factor, five factor. I never heard about that when I went to law school. That's just something the law professors and the prosecutors make up, I guess. But, you know, I mean, you're agreeing with what the defense counsel has to say. And I just want to note that. In candor, that's what we provided in our briefing. That's correct. But the plea agreement does say what it says, which is that the defendant or appellant forcibly tried to and did, in fact, touch the vagina of his 15-year-old niece. Under any common contemporary and ordinary meaning of the term, that is abuse. Turning back to Judd Smith's fear concerns about Navarro-Lopez, again, I don't think that this statute is missing the element of abuse because it requires some sort of sexual touching. And what Castro has told us is that some of the touching may not constitute abuse. Whether I agree with that conclusion or not, that is what the case law holds. So we go to the modified categorical approach. And is the touching here abusive? And I think that the documents do categorically establish that the touching here was abusive. And what about the skin-to-skin requirement, if there is such a requirement under Castro? I don't believe that there is such a requirement under the Medina-Villa test, the three-part test, which is was there sexual conduct on a minor that constitutes abuse? And abuse defined as conduct that leads to physical or psychological harm. We're told under state law that skin-to-skin touching is required. Touching for the purposes of Penal Code 288A and 288C does not require skin-to-skin touching. It just requires some lewd or lascivious touch. It requires some sort of touching done with sexual intent in order to arouse or gratify the sexual desires of the perpetrator or victim.  California has interpreted its laws to convict someone for what they call the self-touching of the victim. The perpetrator does not have to actually touch the victim. And perhaps that is where the Castro court saw an over-breath under the first Medina-Villa three-part definition. But that doesn't mean that some of the touching prescribed by 288C1 is not abusive. And that's why the three-part definition under Medina-Villa is satisfied here under the modified categorical approach. If the court finds that the court can never go to the modified categorical approach under the Medina-Villa definition, and that's the definition that requires sexual conduct with a minor that's abusive, that essentially writes out any modified categorical approach for a statute that does not limit its victims to under 14. Which means that the only definition that's left and available for the United States to rely upon is the definition propounded in Estrada Espinosa. And there are two problems with that. Number one, that reads out 16-year-olds and 17-year-olds from being victims of sexual abuse of a minor crime. Second, Estrada Espinosa is limited to sexual acts. And that's the type of vaginal penetration, anal penetration, skin-to-skin touching that's defined in Section 2246. But we know that Congress has found that there's other type of sexual conduct that's abusive. You look at the definition set forth in 2244 and 2246 for abusive sexual contact. And there Congress has defined that touching of the genitalia of a minor under the age of 16 through clothing is abusive if it matches the elements of a 2244 offense. And what the court would do if it does not permit a modified categorical analysis under the Medina via definition is to write out an entire class of abusive conduct from being sexual abuse of a minor. So let me be sure I understand the government's position here. If we find that, at least we feel we can't go the Medina via way because of the missing third element, but we do find that we can go under Estrada Espinosa just by virtue of applying the common sense understanding of the plea agreement, does the government agree that that is adequate to address the concern that you're raising? Not in all cases. I mean, in this case, yes. If the court finds the plea agreement is sufficient, then yes, we have satisfied the modified categorical approach under the Estrada Espinosa definition. But as an analytical framework, what the court does is write out sexual conduct or contact from being sexual abuse of a minor if it involves a victim age 14 or 15 that does not include a sexual act. But then we get back to the problem of why doesn't Congress address this or why doesn't the Supreme Court address this? We have to follow as best we can what we understand their dictates to be. And it's rather confusing in this area. And I guess what I would suggest is that Congress has addressed this by identifying sexual abuse of a minor as one of the categories of offenses that render an individual an aggravated felon subject to all of that. You really think Congress focused on that and addressed it? I think that Congress has seen that the circuits have been uniform in their treatment of sexual abuse of minor offenses. I think all that's a fiction. Talk to your congressman. Ask him or her whether she thought about all of this. They'll laugh. If you look at the 1101A43 definitions of what aggravated felonies consist of, you have, for example, theft, a theft offense for which someone received a year in prison. To suggest that Congress would have rendered a person who stole something from a grocery store subjected to a year of imprisonment, that that person is rendered removable as an aggravated felon, but that a person who commits sexual contact with a minor who's 14 or 15 years of age, that that person cannot be removed as an aggravated felon for having committed sexual abuse of a minor under the Medina Via test, to me it's a consequence of an interpretive framework that just can't be reconciled with what Congress must have meant. But are we not, unless it's overruled, are we not stuck by an overall offense? And that's where I think that we need to look and identify exactly what the element is that we're missing or that we would need. Abuse. In the statute itself, it does not expressly require abuse. And I don't know of any statute that would expressly require, for example, psychological harm to a victim. To require a jury, a jury in a state court to find that a uncle touching the 15-year-old's vagina led to psychological harm. See, that's where we get back to the issue of the second approach. Because then under Estrada Espanosa, if you apply the common sense approach, and you look at the plea agreement in this case, then you can get there. But I'm having trouble understanding how we can get there under Medina Via in light of Navarro Lopez. And I think you can get there in the way that the other courts have gotten there in this circuit. But they don't have, say, within the circuit. Within this circuit, yes. And you're talking about that Kleinfeld Acuda opinion? There are a number of them, but that would be one of them. United States v. Hendricks at 380 Federal Appendix 682. That's the non-published opinions, right? That's correct, Your Honor. Are there any published opinions from our circuit that you believe thread the needle in getting around the Navarro Lopez problem, a missing element in this case? Well, if you look at what the court did in Lopez-Solis, for example. And I will admit that that opinion was issued before Navarro Lopez was issued in 2007. So then that gets wiped out, because Navarro Lopez is an en bloc opinion. But the 2006 opinion did come after the Lee v. Ashcroft concurrence that Judge Kaczynski authored that was relied upon in the majority opinion in Navarro Lopez. And I think that if you look at the language that Judge Kaczynski used in describing what is over breath, we can get that here. We can meet that here. If you replace gun and weapon with touching that is commonly understood to result in physical or psychological harm to a victim and any touching, we have met what Navarro Lopez would otherwise require. So suppose a generic crime requires that the defendant has touched the victim in a way that leads to psychological or physical harm. While the crime of conviction here, Penal Code 288, can be committed with any kind of touching. The government may then use the indictment and other documents in the record to prove that because the jury convicted the defendant, it must have done so by finding that he touched the victim in a way that would lead to physical or psychological harm. Here we have the plea agreement. It shows that the victim must have suffered psychological harm when her uncle touched her vagina in a forcible way over the course of six years. We have our point. We have your point. Unless there are any further questions. Jason. She's very smart. You better get her federal defenders. I just have a couple of points I'd like to make. And one I think is a clarification of what counsel said. That is that she said that all other cases besides Castro indicate that it's only abusive conduct. That's not correct. There are two types of abuse that are recognized in the circuit's law. Per se abuse. That is, as recently recognized this Monday in Farmer, that when you have a sexual act related to someone under 14, that's per se abuse. Otherwise, it requires physical or psychological harm. And that is the finding of Lopez Solis, Payar Escalon, and Basta Martinez. And Basta Martinez specifically says that that is consistent with Barone Medina. It adopts Barone Medina. It says Barone Medina is upholding the same standard. So we are talking about two types of abuse per se, which doesn't apply here because the victim was 15. So there has to be physical or psychological harm. Now we can surmise that somebody who's touched, a 15-year-old who's touched, is psychologically harmed. But is that an element of the offense? It isn't. And so there's nothing in the record that reflects it here. As regards to the common sense approach, Judge Smith, I respectfully disagree. The common sense approach under Duenas-Alvarez applies to stage one of Taylor in deciding whether there is a reasonable possibility that a state might apply a certain statute in an overbroad way. But once we pass to stage two, we don't engage in common sense. We look at the face of the record. We see, does the record provide the evidence? We don't read into the face of the record saying, well, it says touched here. So we're going to read into a common sense understanding of that would be that it must also mean this, that an otherwise missing element is actually there. I don't think the Supreme Court was talking about using common sense approach at stage two, because that should be a very good thing. What are you talking about? Disregarding common sense and reading it in some peculiar fashion? No, not disregarding. No, of course. You read it in the context. But of course, when you look at it, the government has the burden to show unequivocally that the elements of the generic offense were found as part of the conviction. And that's simply not here. As Taylor said, we're not talking about conduct. We're talking about elements. And does the record unequivocally show that there was this element of abuse? And the record here doesn't do that, even if, as I said, the record establishes that this was a true finding and that that has actually been incorporated into the conviction for which Mr. Alvarez was removed. It was not a removable offense. And so the conviction has to be reversed. Thank you. Thank you. Thank you. Matter is submitted.
judges: Pregerson, Clifton, Smith M.